<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REHABILITATION INSTITUTE OF NORTH JERSEY, INC., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>HOME DEPOT INC. and AETNA INC., :<br>:<br>Defendants. :<br>: | Civil Action No. 12-4035 (SRC)<br><br>**OPINION & ORDER** |

<u>**CHESLER**</u>, District Judge

    This matter comes before the Court upon the motion to dismiss for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Home Depot Inc. and Aetna Inc. (collectively, "Defendants"). The motion has been fully briefed, and the Court proceeds to rule on the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has considered the parties' written submissions, and for the reasons discussed below, it will grant the motion in part and deny it in part.

    This is an action concerning the allegedly improper underpayment of healthcare benefits under Home Depot's self-insured health plan (the "Plan"), a self-funded welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, <u>et seq.</u> Plaintiff Rehabilitation Institute of North Jersey, Inc. ("Plaintiff") is a physical therapy provider. Plaintiff rendered services for patient Juliate Daoud, a participant in the Plan, obtained a signed assignment of benefits from her, and submitted claims for reimbursement. The Complaint alleges that Plaintiff has not received full payment on these claims. The Complaint

asserts five claims: 1) non-payment of benefits, in violation of ERISA § 502(a); 2) unjust enrichment; 3) violation of fiduciary duties under ERISA by denying appeals; 4) violation of fiduciary duties under ERISA by nonpayment of benefits; and 5) breach of the covenant of good faith and fair dealing.

Defendants have now moved to dismiss the Complaint on two grounds: 1) Plaintiff has failed to exhaust administrative remedies; and 2) ERISA preempts the state law claims.[1]

Defendants contend that the plan requires that two levels of appeals must be exhausted before the initiation of litigation, and that Plaintiff failed to file an appeal at the second level. It is well-established that an ERISA plan participant must exhaust the administrative remedies under the plan before she may initiate a lawsuit to recover benefits or otherwise enforce her rights under the terms of the plan pursuant to the cause of action created by ERISA § 502(a)(1)(B). Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, (3d Cir. 2002). While the statute itself does not expressly require exhaustion of administrative remedies as a prerequisite to sue, the United States Court of Appeals for the Third Circuit has described the exhaustion requirement as a judicial innovation serving many sound policies, among others, reducing frivolous lawsuits, promoting the consistent treatment of claims for benefits, and enhancing fiduciary management of plans by preventing premature judicial intervention in the plan fiduciaries' decision-making process. Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007) (citing Harrow, 279 F.3d at 249 and Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir.1980)). The exhaustion requirement is a non-jurisdictional affirmative defense.

---

[1] In their motion, Defendants did not challenge the Complaint on the issue of whether the assignment of benefits gives Plaintiff standing to pursue these claims, and this Court will not raise the issue *sua sponte*.

The problem with Defendants' exhaustion argument, on a motion to dismiss, is that it rests on factual assertions contradicted by the Complaint. The Complaint alleges that Plaintiff submitted three appeals, all of which were denied. (Compl. ¶¶ 17, 18.) Defendants' argument might succeed on a motion for summary judgment, since it relies on factual matters outside the Complaint. On a motion to dismiss, however, the Court accepts all well-pleaded factual allegations in the Complaint as true. An argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss. As to the argument that Plaintiff has failed to exhaust administrative remedies, the motion to dismiss will be denied.

Defendant next move to dismiss the state law claims in the Complaint as preempted by ERISA. Defendants contend, correctly, that the claims of unjust enrichment and breach of the covenant of good faith and fair dealing are state law claims. Defendants contend, incorrectly, that one of the fiduciary duty claims is a state law claim. Both fiduciary duty claims expressly assert violations of ERISA and make no reference to state law. Defendants have failed to point out any state law claim for violation of fiduciary duties and, as to this issue, the motion to dismiss will be denied.

ERISA preemption of state law causes of action is well-established. See Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004). The Supreme Court has held that "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life, 481 U.S. at 65-66).

The statute itself contains a preemption provision. ERISA § 514(a) provides that ERISA

"shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Suits brought by participants or beneficiaries of ERISA plans concerning matters that "relate to" those plans are governed by the cause of action provided by ERISA § 502(a). Davila, 542 U.S. at 208-09.  The term "relate to," in the context of ERISA's preemption provision, means that the claim "has a connection with or reference to" an ERISA plan.  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983).  In this lawsuit, the claims for unjust enrichment and breach of the covenant of good faith have a connection with an ERISA plan, and are therefore preempted by ERISA.  As to Counts II and V, the motion to dismiss will be granted, and these claims will be dismissed with prejudice.

For these reasons,

**IT IS** on this 27th day of November, 2012

**ORDERED** that Defendants' motion to dismiss (Docket Entry No. 4) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Counts II and V, the motion to dismiss is **GRANTED**, and Counts II and V are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to all other claims, the motion to dismiss is **DENIED**.


        s/ Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge